PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

FILED
April 27, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF TEXAS
_____ DIVISION

Troy Williams #1924526
Myron Tanksley #1002421
Plaintiff's Name and ID Number

T.D.C.J.-ID
Alfred D. Hughes Unit
Place of Confinement

CASE NO. 6:21-cv-00427
(Clerk will assign the number)

V.  T.D.C.J.-ID /mental Health
Dr. Micheal Stebbens, Robyne Roberts, Liza Gustave, Kyran Ray,
Defendant's Name and Address  Richard Spires.
Rt.2 Box 4400
Gatesville, TX 76597
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES  _X_ NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: _____
      2. Parties to previous lawsuit:
         Plaintiff(s) _____
         Defendant(s) _____ N/A
      3. Court: (If federal, name the district; if state, name the county.) _____
      4. Cause number: _____
      5. Name of judge to whom case was assigned: _____
      6. Disposition: (Was the case dismissed, appealed, still pending?) _____
      7. Approximate date of disposition: _____

Rev. 05/15

2

II. PLACE OF PRESENT CONFINEMENT: _Alfred D. Hughes Unit_

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?  _X_ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _Roy Williams, Myron Tanksley T.D.C.J. Alfred D. Hughes Rt. 2 Box 4400 Gatesville, TX 76597_

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: _Mr. Michael Stebbens (Director) T.D.C.J. Office Mental Health Services, Two Financial Plaza, Suite 6, Huntsville, TX 77340_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_The (Director) is the head of these official's bees, and covers up any/all misconduct._

Defendant #2: _Mrs. Robynne Roberts (Program Manager) Rt. 2 Box 4400 Gatesville, TX 76597_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
_Clearly Denying me of all Mental Health Care / Deny me_

Defendant #3: _Mrs. Lisa Gustave (Clinician) Rt. 2 Box 4400 Gatesville, TX 76597_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
_Conspired to violate the Constitution to the mentally Ill._

Defendant #4: _Mrs. Kyran Ray (Clinician) Rt. 2 Box 4400, Gatesville, TX 76597_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Conspired to violate the Constitution to the mentally Ill._

Defendant #5: _Mr. Richard Spires (Clinician) Rt. 2 Box 4400 Gatesville, TX 76597_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Conspired to violate the Constitution to the mentally Ill._

3

Rev. 05/15

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Texas Inmates agrues that they were Denied and Deprived of their mental Health Treatment and Signing up for Mental Illness Help Treatment, The Two inmates were singled out to face Deliberate Indifference closely committed by (MHMTP) Program Manager and her staff. And the Mental Health Service of T.D.C.J. Which violates the Eight and Fourteen Amend.

VI.   RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I am Seeking Relief, and Compensation for Deliberate In Difference to the mentally Ill Punitive Damages as well as injunctive Relief.

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Troy Williams, Myron Tanksley   n/a

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

Troy Williams. 1924566 Myron Tanksley 640852 1002421

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ___YES  _X_NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied?    ___YES ___NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed? ___ YES  _X_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning was issued: _____

Executed on: 4/23/21
             DATE

_Troy Williams_ _____
_Troy Williams_ _____
(Signature of Plaintiff)

PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __23rd__ day of __April__, 20 _21_.
         (Day)              (month)         (year)

_Troy Williams_ _____
_Troy Williams_ _____
(Signature of Plaintiff)

WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

Troy Williams
Myron Tanksley
Plaintiffs

In The United States
District Court of The
Western District Waco, TX

vs.

TDCJ-ID Mental Health
Therapeutic Diversion Program
Defendants Mr. Micheal Stebbens (Director)
Mrs. Robyne Roberts (Mental Health Program Manager)
Mrs. Liza Gustave (clinician) Mrs. Kyran Ray (clinician)
Mr. Richard Spires (clinician)

"Class Action Civil Under 42 U.S.C. § 1983"
"Deliberate Indifference Deprivation of
Constitutional Protected Rights To The Mental Ill"
Violation of The Eight and Fourthteen Amend.

Plaintiffs Patients, Troy Williams #1924566 and Myron Tanksley #1002421 (Pro-Se) Texas Prison (Inmates) Are Requesting this court to "Grant" leave to file this Class Action under 42 U.S.C. § 1983 "Deliberate Indifference by being "Denyed" and Deprived for Proper Mental Health Care and/or Treatment when "Excepted and/or Committed to An Mental Health Program For Mental Ill issues as an Mental Ill Inmate. Being housed At the Alfred D. Hughes Unit Gatesville, Texas of the Texas Department of Criminal Justice Division (MHTDP).

As A Patient and Mental Ill Prisoners claims that they Are unconstitutionally "Receiving "Deliberate Indifference" by being "Denied/Deprived of Equal Mental Health Care and/or Treatment of the Mentally Ill. Which is clearly a violation of the U.S. Constitution of the Eight/Fourthteen Amend. Protection From Deliberate Indifference to the Mentally Ill. Prisoners "Both" claims that the Mental Health Program Manager is totally Responsible for the unconstitutional violations that they are being violated of by unlawfully forcing her staff to Proform such an Federal InJustice Act.

(1)

## HISTORY OF THE CASE

State Prisoners was committed to An <u>Mental Health Therapeutic Diversion Program</u> For on going mental Health Treatment for the mental Ill as a State Prisoner In an <u>Restricted Housing Area.</u> Due to "ONE" or more of the listed behaviors.

(A) Staff Assualts (B) Behaviors that Result by aggression. (C) weapon offenses. (D) Sexual offenses (Disciplinary) Actions. which is named/Diagnosed As "Implusive Behavior Control." Which is an Mental Illness that is shown by 95% of the Prisoners who is Placed into this Program who receive very little or None Mental Health Treatment by the said "Defendants" named herein this class Action.

Mr. MYRON Tanksley (Plaintiff) and MR. TRoy Williams (Plaintiff) has an on going Mental Illness that has Self-uncontrollably Resulted into an mental Illness/ addiction of "<u>Masterbation</u>". Which during their incarceration "<u>Unconstitionally Deprive</u>" them from Receiving "<u>EQual Treatment</u>" then other Prisoners in the "Mental Health Program" due to the "Unprofessional Guidelines" and mental Health "<u>Deliberate INDifference</u>" by Denial of the correct mental Health care / Treatment or Diagnose.

Plaintiffs, both Argues that they "<u>Seriously Suffers</u>" from an "<u>Mental Ill Disorder</u>" and such have been Diagnosed as "Implusive Behavior Disorder by their Uncontrollably/Actions of <u>None-stop</u> Masterbation violations by T.D.C.J-ID Policies. That has been an going "Deprivation" and Keeps then from recieving <u>EQual Treatment</u> As other Normal Prisoners. "Such As"...

(A) Released from 23 hr lock-Down
(B) Restricted movement and EQual opportunity to School, Job-workplace living Area commissary Purchases.

### While in the (MHTDP)

(A) To Attend Normal-on going groups.
(B) Individual Therapy.
(C) EQual opportunity for Phone calls.
(D) Unable to Recieved intensive group Therapy.
(E) unable to recieved Prosocial behavior and/or appropriate interaction with others.
(F) unable to abide by Program Guidelines.
(G) unable to complete all Group Sessions successfully to complete the program and be released to an better living Area in General Population.

## Arguement of LAW

Plaintiff's Lawfully claims that they have been repeatedly Denied the Proper Mental Health Treatment needed to be EQually Treated as an mental Health Patient. And "<u>Deprived</u>" Knowingly and Intentionally subject to deliberate INDifference when they have been <u>Denied</u> the correct Diagnose by the Psychiatric and/or Unit Provider of mental Health to receive the correct meds. And/or Treatment for cure.

(2)

Plaintiffs Above the A.D.Seg Program management staff (clinician) are making Personal Judgements of the Prisoners mental Health Issues and is having the unlawful Actions Approved by the Defendant herein (Director) mr. Micheal Stebbens

## Conclusion of LAW

The United States Constitutional Rights secured by the Eight and Fourtheen Amend. And claims of Deliberate INDifference against an Prisoner who's mentally Ill who is placed into an mental Health Program and Discharged against his/her will is clearly an violation against the United States Constitutional by an act of Deliberate INDifference To Deprive one who's mentally Ill is unlaw by violation of <u>Bowring v. Godwin, 551 F.2d, 44, 47-48 (4th Cir 1977)</u> Also See <u>Gates v. Cook, 376 F3d 323, 343 (5th Cir 2004)</u>

Texas Prisoner that was placed into a mental Health Program with evidence of <u>Impulsive Behavior Control</u> Prior to being placed into the program is then required the <u>Equal Mental Health Treatment</u> Despite his illness.

AD. Seg Restricting Housing (cmi) chronically Mentally Ill is An Diagnose given by the Treatment Team Namely the Defendants herein who None of the Defendants herein this Action is an mental Health (Pshchiatric Doctor and/or mental Health Provider who is medical Profession to legally diagnose any Prisoner who's mentally Ill.

When the two Prisoners were unconstitutionally Deprived of Equal mental Health care/Treatment They were moved by Discharge into an unhumane housing Area and classified as (cmi) chronically mental Ill. It was ruled by the United States Supreme court to be <u>unconstitutionally mentally ill</u> to be "Deprived" and forced in to an <u>unsafe</u> and "<u>unhumane</u>" living Area for a long term of Restricted housing "<u>Detriorates</u>" the mind, Body and Soul of the "<u>human Body</u>."

The Mental Health Dept. of TDCJ-ID created and form those <u>Equal opportunities</u> for the mental Ill patients of long Term Restricted housing with Special needs/Treatment means to a slowly formation through an mental Health Program to Equal mental Health care and an open door from Restricted housing back into General population and/or Providing Equal Psychantric or Psychological Treatment for the mental Ill.

(3)

When A Prisoners symptoms evidence show's an serious Disease or injury that such Disease or injury could be curable by <u>Substantially Alleviated</u> and that the Potential for the injury to the Prisoner by reason of <u>Self-Inflection"</u> or lack of <u>unconstitutional Deprivation</u>. And/or Denial of mental Health is clearly an act of Deliberate In Difference.
See. <u>Mills E. Godwin, 551 F 2d, 44.</u>

Deliberate In Difference?
To Serious mentally Ill Patients. Such conduct Also violates <u>"Due Process of law"</u> and the U.S. Constitution and the <u>Eight and Fourthteen Amend.</u>

The failure or Refusal to treat the mental Ill will result in the Deprivation of life itself.

### PRAYER

Plaintiff, PRAy that this court will find that the facts in this case Are True and will legally Grant Relief.

Troy Williams
Plaintiff

(4)

Case 5:21-cv-00427-ADA   Document 1   Filed 04/27/21   Page 10 of 18

FILED
April 27, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: lad DEPUTY

"Petition for Unlawful Abuse of Authority"

I, Myron Tanksley #1002421 an Texas inmate who legally is Housed in the T.D.C.J. Mental Health "MHITP" an through my assessment signature to place me into the program as an Mental Health patient with an serious mental Ill Disorder of "Impulsive Behavior Controll." That has resulted in Uncontrollable Masterbation that has deprived my to Equal progress to Equal opportunities while in the Mental Health program.

In Jan. 19th 2019 I signed up for the "MHITP" program for Mental Health Treatment for my own Disorder that has forced me to be placed in an Unconstitutionally Confinement for the Mentally Ill for Long term (11 Years) which is Identified as "Impulsive Behavior Disorder". After 21 Years of incarceration I've been and have became seriously mentally Ill in forms that I require Treatment. I was told that I would be placed into a Mental Health program to help treat, counsel and to give Therapeutic Treatment to help better self an allow the mentally Ill to progress back into normal housing area in General population. Yet my on going mental Illness and the Deprivation is on going abuse of Unlawful Deprivation due to the Pressure of Mental Health program in forcing (by force) the prison officials to give a punish charge to deprive the liberty and Treatment of the Patients and Deny them of same form and/or psychiatrical or mental examination for Treatment.

After two years of Denial of Mental Care Treatment with an on going "Decline" I was Unjusticefully placed into 23 hour "Lock Down", steered of all Equal opportunities as other inmates.

(1)

Complaint ## Complaint Mrs. L. Roberts was an ongoing falsifying State Document's (STEP-1) STEP 2) Grievances Medical Call Request for Mental Health Care/Treatment.

Ongoing Conspiracy Actions by Mrs. L. Roberts and her (Clinicians) Named in the Class Action. Undercovered worked together with the Program Director Mr. Michael Stebbins who - closely know and have full knowledge that this - Illness is Real and A Sickness and not a - Single Sexual Issue as Identified by the Program Manager L. Roberts who is not excepting that she is not professionally Qualified to Diagnose an inmate!

(1) I was once Asigned to Mrs. Liza Gustave for only few months with "Therapeutic Counsing, Indv'dual meeting's Group sessions. And I Quickly started to Progress up the levels of Mental Health.

(2) I was then Dropped my Phase-3 for cussing at staff Mrs. K. Ray telling staff that all of the inmates that suffer from this type of illness is Rapest.

(3) Mr. Spikes was asign to Treat me 'counslor to - get me back to Normal Level' But was out voted to Discharge me against my will.

Placed on Restricted housing 6 month 23-24 hrs. Lock-Down. Deprived of all Equal opportunity's.

m.a Twistol
#1002421

(2)

Troy Williams
Myron Tanksley
Plaintiffs

vs.

TDCJ-ID Mental Health
Therapeutic Diversion Program
Defendants Mr. Micheal Stebbens (Director)
Mrs. Robyne Roberts (Mental Health Program Manager)
Mrs. Liza Gustave (Clinician) Mrs. Kyran Ray (Clinician)
Mr. Richard Spires (Clinician)

In The United States
District Court of The
Western District, Waco TX

"Class Action Civil Under 42 U.S.C. §1983"
"Deliberate Indifference" Deprivation of
"Constitutional Protected Rights to the Mental Ill"
"Violation of The Eight and Fourteen Amend."

Plaintiffs, Patients, Troy Williams #1924566 and Myron Tanksley #1002421 (Pro-se) Texas Prison (Inmates) are requesting this court to "Grant" leave to file this Class Action under 42 U.S.C. §1983 "Deliberate Indifference" by being "Denied" and Deprived for Proper Mental Health Care and/or Treatment when "Excepted and/or Committed to an Mental Health Program for Mental Ill issues as an Mental Ill Inmate. Being housed at the Alfred D. Hughes Unit, Gatesville, Texas of the Texas Department of Criminal Justice Division (MHTDP).

As a Patient and mental Ill, Prisoners claims that they are "Unconstitutionally" receiving "Deliberate Indifference" by being "Denied/Deprived of Equal Mental Health Care and/or Treatment of the mentally Ill. Which is clearly a violation of the U.S. Constitution of the Eight/Fourteen Amend. Protection from "Deliberate Indifference" to the mentally Ill. Prisoners "Both" claims that the mental Health Program Manager is totally responsible for the Unconstitutional violations that they are being violated of, by unlawfully forcing her staff to perform such an Federal Injustice act.

(1)

## Facts of the case

State Prisoners was committed to an "Mental-Health Therapeutic Diversion Program" for ongoing Mental Health Treatment for the Mental Ill "As a State Prisoner" In an "Restricted Housing Area" Due to "One" or more of the listed behaviors. (A) Staff Assaults (B) Behaviors that result by Aggression. (C) Weapon Offenses. (D) Sexual Offenses (Disciplinary) Actions. Which is named/Diagnosed as "Impulsive Behavior Control." Which is an Mental Illness that is shown by 95% of the Prisoners who is Placed into this Program who receive very little or none Mental Health Treatment by the said "Defendants" named herein this Class Action.

Mr. Myron Tanksley (Plaintiff) and McLeov Williams (Plaintiff) has an ongoing Mental Illness that has Self-uncontrollably resulted into an Mental Illness/Addiction of "Masterbation". Which during their incarceration "Is Constitutionally Differin" from them receiving "Equal Treatment" then other Prisoners in the "Mental Health Program" due to the "Unprofessional Guidelines" and Mental Health "Deliberate Indifference" by Denial of the correct Mental Health Care/Treatment or Diagnose.

Plaintiffs, both argues that they "Seriously Suffers" from an "Mental Ill Disorder" and such have been Diagnosed As "Impulsive Behavior Disorder" by their uncontrollably/Actions of Non-Stop Masterbation Violations by T.D.C.J-ID Policies —

(2)

That has been ou going " Against them and keeps them from receiving Equal Treatment as other Normal Prisoners. "Such As"...
(A) Released from 23 hr Lock-Down.
(B) Restricted movement and Equal Opportunity to School, Job-Work Place, Living Area, Commissary Purchases.

While in the (MHTDP)

(A.) To attend normal-on sairs groups.
(b) Individual Therapy.
(c) Equal Opportunity for Phone Calls.
(D) Unable to received intensive group Therapy.
(E) Unable to Received prosocial behavior and/or appropriate interaction with others.
(F) Unable to Abide by program Guidelines.
(G) Unable to Complete All Group Sessions Successfully to Complete the program and be released to an better living area in General population.

## Argument of Law

Plaintiff's Lawfully claims that they have been Repeatedly Denied" the proper mental Health treatment needed to be Equally Treated as an mental Health Patient. And "Denied" Knowingly And Intentionally Subject to Deliberate Indifference when they have been Denied the correct Diagnose by the Psychiatric and/or unit provider of mental Health to Receive the correct meds. and/or Treatment for cure.

(3)

Plaintiff's alleges that the Defendant herein and her staff (Clinician) are making personal Judgements of the Prisoners Mental Health Issues and is having the Unlawful actions approved by the Defendant herein (Director) Mr. Michael Stephens.

## Conclusion of Law

The United States Constitutional Rights secured by the Eight and Fourthteen Amend. And Claims of Deliberate-Indifference against an prisoner who's mentally Ill who is placed into an Mental Health Program and Discharged against his/her will is clearly an violation against the United States Constitutional by an act of Deliberate-Indifference is a violation of the Eight and Fourthteen Amend. To Deprive one who's mentally Ill is Unlaw by violation of Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir 1977) Also See Gates v. Cook, 376 F.3d 323, 343 (5th Cir 2004)

Texas Prisoner that was placed into a Mental Health Program with evidence of Inclusive-Behavior Conduct prior to being placed into the Program' Is then required the Equal Mental Health Treatment. Despite his illness.

Ad-Seg Restricting Housing (CMI) Chronically- Mentally Ill" is an Diagnose given by the Treatment Team, Namely the Defendants herein' Who - None of the Defendants herein this action is an Mental Health (Psychiatric Doctor and/or Mental Health Provider who is medical profession to Legally Diagnose any Prisoner who's Mentally Ill.

(4)

When the two Prisoners were unconstitutionally deprived of equal mental health care/treatment. They were moved by discharge into an unhumane housing area and classified as (CMI) Chronically Mental Ill.

It was ruled by the United States Supreme Court to be <u>unConstitutionally mentally ill</u> to be "Depeleted" and forced into an "Unsafe" and "Unhumane" living area for a long term of restricted housing "Deteriorates" the mind body and soul of the <u>human body</u>.

The Mental Health Dept. of TDCJ-ID created and form that <u>Equal Opportunities</u> for the mental ill Patients of long term restricted housing with Special needs/treatment. means to a slowly formation through an Mental Health Program to Equal mental health care and an open door from restricted housing back into general population and/or providing equal psychiatric or psychological treatment for the mental ill.

When a Prisoners symptoms evidence shows an serious disease or injury. That such disease or injury could be curable by "<u>Substantially Alleviated</u>" And that the Potential for the injury to the prisoner by reason of <u>Self-Infliction</u>" or lack of UnConstitutional deprivation." And/or denial of mental health is clearly an act of <u>Deliberate indifference</u>. See Mills v. Godwin. 551 F.2d 44.

(5)

Deliberate Indifference: to serious mentally ill patients. Such conduct also violates "Due Process of Law" and the U.S. Constitution and the Eighth and Fourteenth Amend.

The failure or refusal to treat the "mentally ill" will result in the "Deprivation" of life itself.

### Prayer

Plaintiffs, pray that this court will find that the facts in this case are true and will legally grant relief.

_signature_
Plaintiff

(6)

AH-042 12518
Rt. 2 Box 4400
Gatesville, Texas. USA. 76597

c/o Clerk U.S. Dist. Court
Western District of Texas
United States Court House
800 Franklin Ave. Room #380
Waco, Texas. 76701

(LEGAL MAIL)